IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB -1 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00129-BNB

EDNA J. MARTINEZ,
    Plaintiff,

v.

AMANDA BAILEY,
CHIEF JUDGE CHARLES BUSS,
JUDGE BOTTGER,
JUDGE HUME, and
ATTORNEY GENERAL COUNCIL,
    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Edna J. Martinez has filed *pro se* a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." The court must construe the complaint liberally because Ms. Martinez is representing herself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Martinez will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that the complaint is deficient. First, Ms. Martinez has failed to use the appropriate form for her complaint. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, a *pro se* party must use the forms established by the court to file an action. The clerk of the court will be directed to provide Ms. Martinez with the proper complaint form.

The court also finds that the complaint filed by Ms. Martinez fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Martinez asserts jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Although she alleges that she is asserting claims pursuant to 42 U.S.C. § 1983, she fails to set forth a short and plain statement of those claims showing that she is entitled to relief. Ms. Martinez makes a single, vague reference to due process in one of her claims, but it is not clear why she believes she was denied due process or even which Defendant or Defendants violated her due process rights. It also is not clear what rights

Ms. Martinez believes were violated in connection with her other claims. It is not even clear who all of the Defendants in this action are. One of the Defendants listed in the caption of the complaint, Attorney General Council, is not mentioned again in the complaint and an individual, Greg Remmengae, is listed as a Defendant in the body of the complaint but is not named in the caption of the complaint.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the complaint in this action does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Martinez should be given an opportunity to file an amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Martinez file **within thirty (30) days from the date of this order** an amended complaint on the proper form that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Martinez, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Martinez fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 1, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00129-BNB

Edna J. Martinez
244 Concord Drive
Mesquite, NV 89027

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 2/1/06

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                          Deputy Clerk